We will hear argument next in Appeal 07-3018 McKnight v. Merit System Protection Board. Mr. Vaughn, good morning. Welcome. Please proceed. Mr. Vaughn, good morning. Welcome. Please proceed. Good morning. My name is Christopher Vaughn. I represent the appellant, Cindy McKnight, in this case. Mr. Vaughn, what was the evidence you presented to the board that the challenged policy was applied to your client by the Office of Personnel Management, as opposed to the position of the government that the policy was applied to your client by the Department of Defense and not the Office of Personnel Management? What's the evidence that the application of the policy was actually by the OPM? Honestly, Your Honor, we didn't represent Mr. McKnight below. That's neither here nor there. The question is, what evidence was presented to the board that OPM applied anything to Mr. McKnight? Honestly, Your Honor, I don't believe there is. We never addressed that issue. Isn't it clear that the burden of proving the factual predicates for jurisdiction is always on the petitioner? That is correct, Your Honor, and I believe that there are grounds to remain in this based on other evidence in the file. And if you'd like to explain briefly, I believe that Mr. McKnight, in his initial complaint, raised, in addition to the policy argument, the 301 argument, also raised a prohibitive personnel practice claim. Well, wait a second. Is the asserted ground of jurisdiction anything other than the regulation allowing challenges of OPM action? I believe that, Your Honor, as I said, I believe that Mr. McKnight, in his appeal and in his reply to the administrative judge's order and in his appeal to the board, at all times raised, in addition to the policy argument under 301, also raised a prohibitive personnel practice claim. Which would be under a different jurisdictional regulation? Yes, it would be, but it would still be within the jurisdiction of the court. But this isn't an individual right of action appeal. No, it is not. That's correct. Well, then it doesn't matter if he uses the word whistleblower. It doesn't change anything. He did not use whistleblower, Your Honor. He borrowed it under an age prohibitive personnel practice based on an age discrimination claim. At all times, he always asserted that both the policy and the practice itself were discriminatory based on age, that the practice itself was in violation of the law. But does that somehow provide an alternative jurisdictional basis? It does, Your Honor. How is that? In Acting Special Counsel v. U.S. Customs Service, the board has found that an annuitant is an employee protected against prohibitive personnel practices set forth in 5 U.S.C. 2302B. Was that once he becomes an employee or is that as a candidate? That was not addressed in this case, Your Honor. Well, I think the board here agrees that once an annuitant actually becomes an employee, that that person is treated as an employee for adverse action purposes. We're talking about somebody who's an applicant for employment. Is my understanding correct that in order to have board jurisdiction where you're complaining about a hiring practice where you're a candidate for employment, you have to find jurisdiction under 104 here? I don't believe so. One of the prohibitive personnel practices listed in 2302B is reemployment, and I believe that that would apply to Mr. United in this case because reemployment is an annuitant. Also, there's the argument to be made that… I'm sorry, but I'm not understanding. Sir? Are you saying there's some other jurisdictional provision which applies here other than 300.104? Yes, sir. And what provision is that? That is part of USC 2302B. That was not cited in our brief. As I said, we didn't honestly address the argument of the OPM until it was raised by the agency. It was not raised by the board. What's 2302B? I thought that was the whistleblower. That's the prohibitive personnel practices. That's part of the whistleblower statute. Part of the whistleblower statute is contained in 2302, but it is prohibitive personnel practices in general, Your Honor. Does it apply to applicants for employment? One of the provisions is reemployment, and it would be our position that, yes, it would apply to Mr. McKnight as a reemployment aspect. Did you raise this as a basis for jurisdiction before the board? It was raised by Mr. McKnight. Where? And if you look at Appellee's page 7, the appendix page, page 19, he cites five USC Section 2301B1 and Section 2301B2 under merit system principle. What is the site for that active special counsel case you just cited? It's 31 MSPR 342, and the specific citation is on page 347. What's the date on that? 1986. But you say that didn't involve a candidate for employment following the case? That case did not involve a candidate for employment. It was a reemployment annuitant. That's correct. Well, the board agrees that a reemployment annuitant can bring an adverse action case. The question is whether somebody who's an applicant for employment can bring such a case. It is still our position that that case applies to Mr. McKnight as an annuitant under the reemployment aspects of 2302, applied to reemployment and age discrimination. As I said, really it's in a mixed case appeal in that he's bringing in discrimination and the permanent personnel practice claim. It was never really addressed as a mixed case appeal, either by the AJ or the board itself. At all times, Mr. McKnight has raised claims of age discrimination along with the permanent personnel practice. What's the language of 2302B? 5 U.S.C. 2302B states that any employee with authority to take, direct others to take, recommend, or approve any personnel action shall not with respect to such authority. And then 1B under that, on the basis of age is prohibited. But how does that apply to applicants as opposed to employees? That's the thing that's puzzling me. I understand, Your Honor. One of the provisions under 2302, it lists out all the actions that are considered a prohibitive personnel practice. The statuses you need to be in, and one of the statuses is listed as reemployment. Therefore, it's our position that Mr. McKnight, as a former employee, was seeking reemployment, and that provision does in fact apply here. I have not honestly found any cases directly on point that either say yea or nay to that argument. Your argument would apply in every case, wouldn't it? I don't know of any retirees, perhaps on disability, but normal retirees are never going to be under the age of 40. So you would always have that as an aspect in these cases, wouldn't you? The age aspect of it? Yes, sir, you would. And it's our position that this policy was discriminatory on its face. Just because of his age. Just because it applies to everybody of a certain age. That's correct, Your Honor. There's no intent or there's no incident or anything else that could make this unique to your client. That's correct. It would be a disparate impact claim affecting all persons of annuitants that are over 40 that were applying for positions with the Department of Defense. If you were to prevail, then that would have to be, that provision would be void, wouldn't it? I'm sorry, what provision? The one you read us. The 2302 would be void? I don't believe that. Well, no, not that, but that would void, if we were you, that would void the policy. It would void the policy. The policy is no longer in effect. It was only in effect for approximately 50 days, I believe, which was enough time for Mr. McKnight to lose the position he had been offered and, in fact, accepted. Oh, so this doesn't exist anymore? No, it was a brief policy. The original policy that brought all of this in is 5 U.S.C. 9902, and that's the policy that allows annuitants reemployed to keep their annuity, DOD annuitants, to keep their annuity and receive full pay, so there's no offset. It was to encourage the DOD to hire annuitants to fill in for positions of special needs where people were retiring and there just was a shortage of employees. After that policy was implemented, Mr. McKnight applied, was offered a position, accepted it, and within a week or so after he accepted the position, the DOD issued a memorandum that stated, the Department of Defense is developing policy and procedures for the employment of annuitants. Because of pay considerations inherent to annuitant employment, all such hiring actions should be suspended until the DOD policy is implemented. So it was just a short period of time, 50 or so days, that the policy affected annuitants, so that wouldn't overturn that policy. It's no longer in effect. Could I be clear about your position? Are you agreeing in response to Chief Judge Michel's questions that there is no jurisdiction under 300.104 because you're not complaining about OPM action and that the sole basis for jurisdiction is 2302B? That's correct. I believe that we can meet the first two hurdles of the 300 section, but the OPM, this was a DOD policy. Did you argue that? We did not. As I said, it was not part of the decision from the board, did not address that either. And so when we filed our appeal, we did not address that issue. It was actually not until... Well, is it appropriate for us to consider an issue that you're raising here for the first time in oral argument when the government, obviously, in its response brief, the red brief, had no opportunity to reply to this argument because you hadn't made it in your blue brief? I understand that, Your Honor. Cases involving jurisdiction that the board overheard a minute ago, Mr. McKnight did raise these claims. We didn't address them in our appeal, but they are, these are not, these claims of 2302 were raised by Mr. McKnight. We did not address them in our appeal. You are correct, but this is not the first time that the claims filed in that section were raised by Mr. McKnight. They were raised both before the AHA, as I said, and then on his appeal to the board. I don't understand why we shouldn't conclude that by not arguing what your client, while pro se, argued, that you've waived it. I don't see what the standard of appellate review has to do with the issue of waiver. Whether it's deferential review or de novo review, if there's an issue that was preserved below and could have been raised here in your blue brief but wasn't raised here in your blue brief, why should we entertain it at all? Why shouldn't we just treat it as waived? As I said, I believe that this is not an ambush on the board. It was raised below. It was not raised in our brief because it was not the basis of the decision. The argument made by the board on the policy not being an OPM policy was not ever addressed by the blue brief, either, which is why we did not brief it in our blue brief. So you're saying you should be excused from the normal application of waiver because you were responding to what the board decision said? I don't believe it's been waived because it was addressed below. That's our position on it. Well, it wasn't addressed by the board below. It was mentioned in those very long, confusing letters by Mr. McKnight. Yeah, page A-9, but it's not discussing whether jurisdiction could be grounded on something other than the regulation aimed at OPM. You're correct, Your Honor, but it is addressing permanent personnel practices. Your theory here is that because the board didn't address the OPM issue that you ought to be able to now, that the government has raised it, raised that issue on appeal, that is, the 2003-2002 issue on appeal, even though you didn't brief it in your blue brief. It's our position that it was raised below and that it wasn't prepared for appeal. We did not brief it. We did not address it because of the—we addressed simply the board's decision. Thank you. May it please the Court, on the prohibited personnel practice issue that has been brought up, the claim was that the petitioner did allege in his submissions that the policy amounted to that, and it was addressed by the administrative judge in the initial decision, and we found correctly that the prohibited personnel practice statute by itself confers no jurisdiction on the board. Such claims can only be raised in connection with an appealable matter. So, whether raised late or not, the 2302B could not be a source of jurisdiction for this case. Are you saying that the sole source of jurisdiction in the board over a complaint by an applicant for employment is under these regulations, Part 300? Applicants can also appeal on the basis of veterans' preference and signature, but otherwise that's the only provision. It's the employment practice provision, which the board found was not applicable here because it doesn't apply to an annuitant's challenge to an agency policy concerning what positions annuitants will be appointed to. Which don't include the OPM theory, which you've now raised. But the grounds for the board's decision seem to be a little bit troubling, because if I understand what the board is saying, if an annuitant applies and he's rejected on racial grounds, that he has no right to appeal to the board. That's not correct, Your Honor. Why is that wrong? If an annuitant is challenging a general employment practice, and any practice that would amount to racial discrimination, of course he could raise that. The board's jurisdiction... Well, no, no, but why? You've told me that the sole applicable provision here is 104. And if he's not a candidate for employment, which is what I understand the board to have said, if he's not a candidate for employment within the meaning of 104, how can an annuitant challenge a rejection on racial grounds? Well, an annuitant, the board's decision said that an annuitant cannot challenge a policy relating to the appointment of annuitants. It didn't exclude his challenging more general policies that would qualify as employment practices. You mean he's a candidate for purposes of bringing some claims, but not others? Essentially, the board's decision is barring the type of claim the petitioner brought here, which was a challenge to a Department of Defense policy concerning the appointment of annuitants. Well, isn't that mixing up jurisdiction and the merits? I mean, the board may well be correct on the merits that he can't complain about. But if an annuitant is a candidate for employment for other purposes, why isn't there jurisdiction here? I think it's because of the nature of the claim and the policy that is challenging in reality. The policy here is not an appointment practice in the usual sense of a selection criteria for positions which have to meet certain requirements of relevance to the job and fairness and that sort of thing. The policy that is challenging has nothing to do with the particular job he's seeking or the qualifications for it or the standards. It's a policy adopted by the Department of Defense under 9902J, a provision which authorizes re-employed annuitants in the – as the petitioner said, authorizes re-employed annuitants in the Department of Defense to continue to receive their annuity with no offset, which doesn't apply to annuitants generally. The policy was adopted presumably to attract retirees to come back to work because the department was concerned about a crisis from retirement in terms of a talent drain. And the policy they've adopted sets criteria not for the individual, what their qualifications must be, but the criteria for the kind of jobs that they will use this policy for. Well, it may be a perfectly reasonable policy. On the merits, maybe he loses. But I'm – what I'm concerned about is the jurisdictional holding because it seems to me that the board decision here can be read to say that an annuitant can't – who's an applicant for employment has no right to bring a case under 104 ever. Well, that's not what the board said, Your Honor. I'm trying to – Well, how do I – I'm trying to explain the jurisdiction. Show me where in the board decision it limits it. The board said we conclude that the board likes – That's where you're reading from? I'm sorry. Respondents' appendix, page 7. We conclude that the board likes jurisdiction over an employment practice claim filed by an annuitant challenging a policy governing the appointment of annuitants at DOD. Well, that's pretty broad language, isn't it? Well, a policy governing the appointment of annuitants is quite different from – Employ annuitants who are minorities. That would fit into that language, wouldn't it? Yes. That would be prohibited discrimination. But the board often likes jurisdiction over prohibited discrimination. No, no, no. But it's got to be – it must be that an annuitant who's applying for employment and who's rejected on racial grounds has a remedy under 104, right? They do with the equal employment opportunity condition. No, no, no, no, no. If it's a non-selection. Not the – he must – there must be a remedy under 104 under those circumstances, right? Yes, Your Honor. If he's challenging an employment practice, which is a rule or a practice that weighs the qualifications of employees. Where do you get that? You keep saying that employment practices are only things individually tailored to a particular case and can't be generic. Where do you get that? It's in the regulation. The definite – and it's also implicit in the requirements that an employment practice must meet. An employment practice must be based on a job analysis. It must be relevant to performance in the job. All of the aspects of Part 300 deal with selection criteria. And it can be broad – it has been broadly read by the court. The court has held that a time and grade requirement is one because it relates to the need to have a more experienced workforce, for example. But the policies here by the Department of Defense don't relate to any kind of evaluation of the individual applicant. It's an attempt to limit the use of this extraordinary benefit of allowing people to have both salary and annuity, collect both at the same time. This is generally not the rule in the rest of the government. But that's a perfectly good argument on the merits as to why there's nothing wrong with what the Department of Defense did. It's not a very good argument for lack of board jurisdiction. With respect to board, I believe that the employment practice – this type of policy simply is not an employment practice. Where does the board say that? Well, the board's decision is based on the status of an annuitant. But it's implicit in it, I believe, that since it limits it only to the policies that are directly applicable to annuitants and is issued in the context of this particular policy, that that is what the board's decision has reasonably read to me. Well, I read the board's decision to say that as an at-will employee, he has no right to a job and he can be fired any time for any reason. And then the board leaps from that statement to say, therefore, there's no jurisdiction. I don't understand that there's any rational connection between saying he's an at-will employee and saying, therefore, the board lacks jurisdiction. I think the link is this, that annuitants are in a different category generally from others. An annuitant, as a former employee with career status, can be appointed noncompetitively. So the rules pertaining to the competitive appointments simply don't apply to that category of employee, at least if they are rules directed only at that category of employees. There are rules pertaining only to the hiring of annuitants. Now, petitioner's primary relies in his brief is on, he believes that this… Don't go off onto the petitioner's brief. I'm trying to understand the board's decision. When I read it, it looks to me like a merits-based determination. It says he can be fired any time, therefore, he has no rights, therefore, he can't get any redress. That sounds to me like it's a determination on the merits. And it seems to me to have no relation to the existence or nonexistence of subject matter jurisdiction. You've got to help me because I can't see anything in here that deals with jurisdiction. Well, the board's jurisdiction is tied to the occurrence of an employment practice. An individual who believes an employment practice has been misapplied to him… That may be, but that's not what the board says anywhere in this opinion. Well, it does say that the difference in conditions of employment is so fundamental that the impellant should not be permitted to challenge the criteria that DOD uses to evaluate its application for employment. Are you reading? That's a very broad statement in RA 6. But then, at other points, they make it clear that this applies only to policies that apply to annuitants, not to all employment practices. So reading that together, I don't think they've made the broad holding that you suggest. You know, my copy doesn't include RA 6. They're flipped. 5 and 6, I apologize. They've been reversed. Where were you reading from on 6? On 6, at the end of the first paragraph, is the statement, I think, that Your Honor was relying on, that the board seems to say that these people, because they're employees of will, they shouldn't have any other rights with respect to hiring. But I think the sentence I read at the end of the opinion gives it a narrower scope. Paragraph 13? Yeah, paragraph 13 is at the end, but I was reading from the end of paragraph 10 on page 6. Right. It's the one that seems to, I believe, support your idea that the board was taking a very broad view here, but I think you have to read the whole decision. I mean, they were not intending to exclude any kind of employment practice challenged by an annuitant, only a challenge to specific rules governing annuitants. If I may finish my idea. The annuitants are, the authority to appoint annuitants by a reinstatement is discretionary with the agency. They don't compete in the competitive process, or they don't have to. And if they're appointed in that way, it's natural that they would not have the same rights with respect to the agency's decision whether they're going to appoint them that way that they otherwise would have. But isn't this a situation in which if the board wants to exclude jurisdiction over these kinds of claims, it ought to say so in the regulation? It's sort of hard to construe this regulation as including annuitants as candidates, which is what I understand you'd be saying now, and then to say that we're going to look at the particular practice to see whether they have a claim on the merits, and then that's going to affect the jurisdiction of the board. It seems to be mixing up jurisdiction and the merits. Well, I think that's a valid objection. I think if you look at the whole section, part 300, and how it explains what an employment practice is, at least in this case, it's clear that the Department of Defense policy here was not such an employment practice. And I also would add, I believe we raised the argument as well, that there's no OPM involvement in this. And because Petitioner never alleged any, although the agency raised the issue below, that it should be dismissed because there's no OPM involvement. Petitioner did not allege at any time that there was such involvement, and for that reason, we believe that the court could affirm the board on that alternative ground, notwithstanding that the board did not address the issue, since there's no factual dispute, and it's quite clear from the regulation and from this board's precedents as well as the board's, that only OPM-applied employment practices are within the board's jurisdiction. Are you making a different argument than was in your brief? I don't think so. Well, where is it in your brief? The argument about the employment practice? Perhaps I have elaborated on the argument in my brief about the employment practice. But the employment practice argument also seems to be inconsistent with our decision in Besser, right? I think Besser can be distinguished because Besser was a competitive process. He was seeking appointment as an ALJ, and he'd been examined and found eligible. Mr. McKnight is not—there's no evidence that it was a competitive process. In that case— What difference does that make? Well, I believe that the employment practice regulation, it confers an appeal right with respect to the competitive appointments and matters related to that and not to discretionary appointment under the statute authorizing appointments of renewables. Is there something in that regulation that indicates that it's limited to competitive service appointments? Yes. It's in a section of the regulations, and it specifically says that the purpose is to establish principles to govern employment practices of the federal government that affect recruitment, ranking, selection of individuals for initial appointment and competitive promotion in the competitive service. Isn't this yet a new argument, yet another new argument? I think it's part of the same argument. Where is it in your brief? I mean, I've read your brief and read your brief, and— Take a look at page 10. All right. It's a mechanism that helps ensure applicants who compete for positions that will normally lead to tenure in the competitive service are selected on the basis of practices fair and rationally related to the jobs for which they are applied. Thank you. And how does that distinguish Vesser? Vesser was—it involved a competitive process. It involved a qualification standard that related to the position he was applying for, the duties of an ALJ. Because of their duties, they have to be removable only for cause, and he would be an employee at will. Consequently, OPM determined that he could not be on the eligible list, and that's what he was challenging. And furthermore, his claim was that he wasn't, in fact, an annuitant or not an annuitant receiving an annuity because he had waived it. Now, that's not discussed in the jurisdictional holding of the case. It's just discussed in the merits. Oh, that's correct. Right? That's correct. It is discussed in the merits section, but it is in effect, I think, a jurisdictional holding, at least the board thought so. All right. Thank you. Thank you. Mr. Bourne, you have a minute for rebuttal. I don't have anything to add unless Your Honors have any questions for me. All right. Thank you. We'll take the case under advisement. All rise. The order of the court is adjourned until 2 p.m. today.